DANIEL E. SICKLES, SHERIFF, ETC., v. JOHN C. WILMERDING AND OTHERS.

DAVID A. SULLIVAN, RECEIVER, v. SAME.

*Interpleader — which action should be continued by the order.*

Where an action upon contract is brought by a sheriff, and thereafter an action is brought by a receiver to recover the same money from the same defendants, and the latter apply for an order of interpleader, such order should provide for bringing the receiver into the sheriff's suit, and not the sheriff into the receiver's suit.

APPEAL by Daniel E. Sickles, as sheriff, the plaintiff in the first above-entitled action, from an order of the Supreme Court, entered in the office of the clerk of the county of New York on the 9th day of October, 1890, by which it was, among other things, directed that Daniel E. Sickles, as sheriff of the city and county of New York, be, and he hereby is, substituted as defendant in the above-entitled action (*David A. Sullivan, Receiver, etc., v. John C. Wilmerding and others*), in the place and stead of the defendants, John C. Wilmerding, J. Currie Wilmerding, John J. Morris, Cornelius B. Mitchell and John J Morris, Jr., composing the firm of Wilmerding, Morris & Mitchell.

On the 9th day of June, 1890, an action was commenced by Daniel E. Sickles, as sheriff of the city and county of New York, and on the thirteenth day of June an action was commenced by David A. Sullivan, as receiver of Rosenberg & Baker, against the same firm. The actions in each case were on contract, and were to recover in each case the same moneys. The defendants applied for and obtained the order of interpleader, which has been appealed from.

*D. P. Hays,* for the appellant Sickles.

*W. Mitchell and F. R. Kellogg,* for the respondents Sullivan, receiver, and Wilmerding and others.

PER CURIAM:

It seems to us beyond question that both the actions which are brought against the defendants Wilmerding, Morris & Mitchell come within the definition of actions upon contract, and the right to recover depends upon priority of liens ; and the only controversy arises between Sickles, as sheriff, and Sullivan, as receiver, in respect to such priority. This being the case, the defendants have no interest in the controversy, and should be relieved upon paying the subject-matter of the controversy into court. We think, however, that the court below erred in making the sheriff defendant in the receiver's suit. The sheriff's action was first commenced, and the receiver having subsequently commenced an action, if any interpleader was made he should be brought in as defendant in the sheriff's suit.

We think, therefore, that the order appealed from should be reversed, with ten dollars costs and disbursements, to abide the final event of the action, and an order of interpleader entered in the action of the sheriff bringing in the receiver as defendant and discharging Wilmerding, Morris & Mitchell upon payment of the money into court.

Present — Van Brunt, P. J., Brady and Daniels, JJ.

So ordered.